IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROSSANA SERRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| MEDICREDIT, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Rossana Serres, by and through undersigned counsel, and for her complaint against the Defendant, Medicredit, Inc., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Rossana Serres ("Plaintiff") is a natural person who resides in Independence, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Medicredit, Inc. ("Medicredit") is a business entity engaged in the collection of consumer debt within the State of Missouri.

7. Medicredit is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. ALLEGATIONS

8. Plaintiff allegedly owes a debt to Medicredit, namely a medical bill from Midwest Heart and Vascular, which was incurred primarily for personal, family, or household services; it is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. On or about January 3, 2019, Plaintiff retained counsel to assist in the resolution of several debts, including a debt serviced by Medicredit.

10. As a part of Plaintiff's representation, on or about March 25, 2019, Plaintiff's counsel sent notice of representation to Plaintiff's creditors, including to Medicredit.

11. On or about March 29, 2019, an employee of Medicredit received and signed for Plaintiff's counsel's notice of representation letter.

12. Notwithstanding, Medicredit continued to contact Plaintiff directly including but not limited to phone calls to her personal phone.

13. These communications by Medicredit violated 15 U.S.C. § 1692c(a)(2), in that Medicredit continued to communicate with a consumer after receiving notice that the consumer was represented by an attorney.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rossana Serres respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Medicredit and for Plaintiff;

    b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Medicredit and for Plaintiff;

    c.    Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Medicredit and for Plaintiff;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**By: /s/ Andrew M. Esselman**
Andrew M. Esselman #64837
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:  816-246-7800
Facsimile:   855-523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**